## VAN RENSSELAER and others *vs.* HAYES.

The executors of one who has granted land *in fee* subject to an annual rent cannot maintain ejectment for the non-payment of such rent.

Otherwise of a lease of a term for years. For this, ejectment may be sustained by the executors, it being a chattel interest. *Per* McKISSOCK, J

A devisee of one who has granted land in fee subject to rent cannot maintain ejectment for rent in arrear which became payable in the lifetime of the testator, but only for such as has accrued since the will took effect in his favor.

And if he bring ejectment under the statute for rent which became due since his title as devisee accrued, he must show that there was no sufficient distress to pay such rent at the time of bringing the action. It will not be sufficient to show that the property on the premises was inadequate to pay that rent *together with other rent in arrear which accrued during the testator's lifetime.*

EJECTMENT, tried at the Rensselaer circuit, in November, 1844, before PARKER, Cir. J.

The action was brought to recover part of a lot of two hundred and fifty-seven acres of land, which Stephen Van Rensselaer the elder, on the 24th day of March, 1794, granted in fee, subject to an annual rent, to Zophar Roberts. The declaration contained a count on the title of Stephen Van Rensselaer and four others, who on the trial were shown to be the executors of S. Van Rensselaer, deceased, and a count on the title of William P. Van Rensselaer.

The plaintiffs proved and gave in evidence the lease to Roberts. The *reddendum* clause, the covenant to pay rent, and the clause providing for a distress and re-entry were in the same form with those contained in the grant to William Davis set out in the report of the case of *Van Rensselaer* v. *Jewett*, (*ante, p.* 121.) The rent reserved in the lease to *Roberts* was twenty-five bushels and seven-tenths of a bushel of wheat, payable on the 1st day of January, in each year. The defendant admitted that Stephen Van Rensselaer the elder, by his last will, devised to the plaintiff, W. P. Van Rensselaer, all his estate in this lot, and in the rents reserved by the lease, and that the testator died on the 26th day of January, 1839 ; that the other plaintiffs are the executors named in his will, and that

letters testamentary had been duly issued to them. The plain-tiffs proved that by reducing the wheat payments to cash at the market price, there was at the time of the death of the tes-tator, rent in arrear on the lot granted to Roberts, to the amount of $371,99, and that since then the further sum of $134,93 had become payable and was in arrear thereon. It was shown that at the time of the service of the declaration in this cause the defendant declared there was no distress on the premises, or if any thing, only of very small value. The defendant admitted that he was in possession of the premises mentioned in the declaration.

The defendant proved that there was, at the time of the com-mencement of this suit, a considerable amount of property lia-ble to distress for rent on the lot granted to Roberts.

The judge charged the jury that the plaintiffs, who were ex-ecutors of the late Stephen Van Rensselaer, were not entitled to recover as such on the count in which they were jointly named as plaintiffs; that William P. Van Rensselaer could recover on the count in which he was named as plaintiff only by showing that there was not sufficient distress on the prem-ises at the commencement of the suit to pay the rent which accrued after the testator's death, and that in ascertaining from the evidence whether there was such deficiency of property on which to distrain, the jury were to lay out of view the fact of there being rent in arrear which accrued prior to the testator's death, and were to consider the case as though that which had accrued since his death was all the rent in arrear on the prem-ises. The plaintiffs' counsel excepted. Verdict for the de-fendant.

*J. Pierson & D. Buel,* for the plaintiffs. 1. Executors may maintain ejectment on account of the non-payment of rent re-served upon a grant in fee, which became payable in the life-time of their testator, (1 *R. S.* 747, § 23; *Wright* v. *Will-iams,* 5 *Cowen,* 501.) 2. W. P. Van Rensselaer had a right to recover unless there was sufficient property liable to distress on on the premises to pay all the rent in arrear as—well that which

accrued during the testator's lifetime, as that which became payable subsequently. W. P. V. R. was the assignee (by devise) of the grantor, and as such had, by the express provisions of the statute, a right to enter for any condition broken, with out regard to the time when the breach occurred. (1 *R. S. sup. ; Adams on Ej.* 72; *Com. Dig. Condition O.* 1, 2; *Kingdom* v. *North,* 4 *M. & S.* 53; 2 *R. S.* 505, §§ 30 *to* 33; *Doe* v. *Showercross,* 1 *Barn. & Cress.* 752.) 3. The defendant was estopped from asserting that there was a sufficient distress, by his admission to the contrary when the declaration was served. (9 *Wend.* 147.)

*H. Z. Hayner,* for the defendant. 1. The executors of S. Van Rensselaer, deceased, had no estate in the premises, but only a right to the rents in arrear. This right was a chose in action merely, which gave them nothing more than a personal remedy. They could not distrain or enter for a condition broken. (2 *R. S.* 303, § 3; *Id.* 505, § 31; *Hamilton* v. *Wilson,* 4 *John.* 72; *Wright* v. *Williams,* 5 *Cowen,* 501; *Van Rensselaer* v. *Platner,* 2 *John. Ca.* 17; *Slocum* v. *Clark,* 2 *Hill,* 475; *Payn* v. *Beal,* 4 *Denio,* 405.) If the testator was now living, but had transferred his estate in the land, he would have been entitled to the rents in arrear at the time of the transfer, but would have had no remedy by distress or re-entry, but only by action on the covenant. The executors represent the person of the testator, and may take such personal remedies as he could have maintained. The devisee is his representative as to the *estate* and can alone enforce such remedies as are incident to the estate, among which is the right to re-enter. 2. The present suit is not upon a re-entry at common law, but is under the statute. It is a condition to this remedy that there is no sufficient distress on the premises. If the plaintiff had shown that, he might, as the judge ruled, have recovered. It was of no consequence what claims other parties might have aganst the property. If W. P. Van Rensselaer could have made *his* rent by distraining, he was not entitled to this action; and that he could have done so the jury have found.

*By the Court*, McKissock, J.   There was no error in the charge of the learned judge.   The rent due at the decease of the testator went to his executors, and they had full power to pursue the ordinary remedies by action or distress to recover the same.   That they had the right to bring ejectment for condition broken is altogether a different proposition.   Let us examine it for a moment.   The testator being the absolute owner of the lands conveyed them in fee reserving rent, with a condition of forfeiture and re-entry for non-payment.   Now on breach of the condition and re-entry by the grantor, or those taking title under him, the party so entering would be reinvested with the original estate, that is, with a fee simple.   The mere statement shows, that the subject of the suit was a species of property to which the functions and duties of an executor have no sort of relation.   If the testator had held an estate for years in the premises, and had leased for part of the term, with condition of re-entry for non-payment of rent, then on condition broken, the executor could have brought ejectment, the interest of the testator being a chattel real.

Still, the counsel for the plaintiff insists, that waiving the question of the right of the executors to maintain the action, the charge of the judge was incorrect.   Because, as it is said, William P. Van Rensselaer, as assignee or devisee, had a right to enter for condition broken during the lifetime of the testator, and on that account he should recover unless there was sufficient distress to satisfy the rents due both before and after the death of his devisor.   (1 *R. S.* 747, § 23.)   It is not here necessary to determine the validity of the claim, on general principles, as to the devisee's right of entry for such a breach of condition.   The question in this case is whether the action can be maintained under the statute.   (2 *R. S.* 505, § 30.)   It is proper to remark, that though an ejectment under the provisions of the act, provides formally for the resumption of the estate for condition broken; still the primary and principal object is the collection of the rent.   Accordingly the landlord to whom the rent is due is alone authorized to bring the action, and on the trial he is bound to prove the rent due to him; that he had a right of en

Van Rensselaer *v.* Hayes.

try for non-payment, and that there was not sufficient distress; and on such evidence, his case would be made out, freed from the almost impracticable exactions of the common law. But the statute was never intended to lend its aid unless invoked by a party seeking to recover for non-payment of rent due to himself. Yet if the argument of the plaintiffs' counsel be correct in principle, the devisee might maintain an ejectment under the statute solely to coerce the payment of rent due to the executors. He would certainly have no more right to do this, than he would to prosecute on the covenants of the lease for rent due to them. The charge of the court, that if there was sufficient distress to pay the rent due the devisee he could not recover, was therefore correct. To illustrate the principle, let us suppose that the defendant had in the present suit, under the 32d section of the act, tendered to W. P. Van Rensselaer all the rent due to him, as devisee, or had brought it into court before trial, with all the cost and charges incurred by the lessors, can there be any doubt but that the court would have ordered a stay of proceedings thereupon, though the rent due to the executors remained unpaid ? That very question appears to have been long since decided under the 4th of Geo. 2, chapter 28, of which our statute is in substance a transcript. In a case where the lessors of the plaintiff were both executors and devisees, and rent was due them in both capacities, the court ordered a stay of proceedings on payment of the rent due the lessors as devisees. (*See Adams on Ejectment,* 171, *ed.* 1840.)

Again, it is urged, that as the defendant admitted at the time the declaration was served, that there was not any, or but a trifling distress on the Roberts farm, by no means sufficient to satisfy the rent, he was estopped from disproving the truth of that declaration on the trial. In support of this proposition the defendant's counsel cites *The Presbyterian Congregation of Salem* v. *Williams,* (9 *Wend.* 147,) which sustains the general principle contended for. But in the present case the defendant offered and gave evidence tending to show that he did not make the statement attributed to him ; and without any objection by the plaintiffs, he proved that there was at least sufficient

distress to satisfy the rent due the devisee since the death of the testator. As the estoppel was not relied upon in the proper manner, the question of fact was correctly submitted to the jury.

Upon all the evidence, I am of opinion that we ought not to interfere with the verdict.

New trial denied.